UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH WLODYNSKI, on his own
behalf and on behalf of those similarly
situated,
              Plaintiffs,

v.                                                Case No. 8:08-cv-361-T-27MAP

RYLAND HOMES OF FLORIDA
REALTY CORPORATION,

              Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a former construction superintendent, brings this action against Defendant on behalf of himself and those similarly situated for unpaid overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"). In its answer, Defendant sets forth eight affirmative defenses. Plaintiff now seeks to strike Defendant's fourth, fifth and sixth affirmative defenses, specifically laches, waiver and estoppel, and unclean hands. After consideration, I recommend the district judge grant Plaintiff's motion to strike Defendant's affirmative defenses (doc. 11).

    A.  *Standard of Review*

Pursuant to Fed. R. Civ. P. 12(f), the Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." While courts generally disfavor motions to strike, if the allegations have no possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties, a court may grant the motion. *Ayers v. Consolidated Construction Services of SW Florida, Inc.*, 2007 WL 4181910 *1 (M.D. Fla. 2007).

Further, a court may strike an affirmative defense if the defense is "insufficient as a matter of law." *Microsoft Corp v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002)(citing *Anchor Hocking Corporation v. Jacksonville Electric Authority,* 419 F.Supp. 992, 1000 (M.D. Fla. 1976)). For a court to find a defense insufficient as a matter of law, the defense must be (1) patently frivolous on the face of the pleadings, or (2) clearly invalid as a matter of law. *Id.*

Affirmative defenses may also be insufficient as a matter of law if they fail to meet the general pleading requirements of Fed. R. Civ. P. 8, which requires a short and plain statement of the defense asserted. *See Id.* at 684; *See also McGlothan v. Walmart Stores, Inc.*, 2006 WL 1679592 *1 (M.D. Fla. 2006). Federal courts recognize that, by definition, defendants can only establish an affirmative defense when they admit the essential facts of the complaint and set forth other facts in justification or avoidance. *Morrison v. Executive Aircraft Refinishing, Inc,* 434 F.Supp.2d 1314, 1318 (S.D. Fla. 2005). While an answer need not set forth a detailed statement of the applicable defenses, a defendant may not simply make conclusory allegations. *Microsoft*, 211 F.R.D. at 684. The affirmative defense must be stricken if it provides no more than a bare bones conclusory allegation. *Id.* However, a defendant will not be precluded from arguing the substantive merits of the affirmative defense later in the case even if the court strikes the affirmative defense on technical grounds. *Id.* Rather, "if an affirmative defense is valid as a matter of law, district courts may strike the technically deficient affirmative defense without prejudice, and grant the defendant leave to replead the stricken defense." *Id.*

 B. Discussion

  1. *conclusory allegations*

Defendant's fourth, fifth and sixth affirmative defenses exemplify the meaning of "conclusory allegations." Defendant makes blanket assertions that Plaintiff's claims are barred by the doctrine of laches, the doctrines of waiver and estoppel, and by his own misconduct and unclean hands. While Rule 8 requires only a short and plain statement of the facts in support of the affirmative defense, Defendant fails to allege any facts whatsoever in support of these defenses, thus falling woefully short of Rule 8's liberal pleading requirements. *See Microsoft*, 211 F.R.D. at 684. As a result, the Court should allow Defendant to replead the defenses which may be applicable to a claim pursuant to the FLSA as discussed more fully below.

    *2. laches*

The FLSA requires claimants to bring claims for unpaid overtime compensation within two years of the violation, or within three years if the violation is "willful." 29 U.S.C. § 255(a). Where a congressional act provides a statute of limitations, as the FLSA does, the doctrine of laches does not apply. *Groves v. Patricia J. Dury, M.D., P.A.,* 2006 WL 2556944 *2 (M.D. Fla. 2006); *Morrison,* 434 F.Supp.2d at 1320. Since Plaintiff brings this cause of action pursuant to the FLSA, the affirmative defense of laches does not apply. Therefore, Plaintiff's motion to strike should be granted with prejudice as to Defendant's Fourth Affirmative Defense of laches.[1]

    *2. waiver*[2]

---

[1] The Court acknowledges that Defendant's Fourth Affirmative Defense asserts both a statute of limitations and laches defense. Although Plaintiff requests the Fourth Affirmative Defense be stricken in its entirety while limiting its argument to the defense of laches, the Court finds that the statute of limitations defense is valid in light of the time limitations set forth in 29 U.S.C. § 255(a) and, therefore, only strikes the portion of the Fourth Affirmative Defense naming the doctrine of laches.

[2] Defendant's Fifth Affirmative Defense alleges both waiver and estoppel. The Court will address each affirmative defense individually.

The Eleventh Circuit has specifically held that employees cannot contract out of their rights under the FLSA. *Lynn's Food Stores v. United States,* 679 F.2d 1350, 1352 (11th Cir. 1982); *See also Wethington v. City of Montgomery,* 935 F.2d 222, 229 (11th Cir. 1991). The FLSA provisions are mandatory, not subject to negotiation or bargaining between employers and employees, and not subject to waiver. *Id.* (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945)). Typically a court will recognize waiver as a valid defense to claims brought under the FLSA in two instances: (1) when an employee accepts full payment of unpaid wages, as supervised by the Secretary of Labor; and (2) when an employee accepts payment under a court-approved settlement. *Id.* at 1352-1353.

While Defendant has not claimed that either exception applies in the present action, Defendant argues that it is unclear whether Plaintiff may waive other forms of remedies not directly concerning unpaid overtime wages. Here, Defendant contends that Plaintiff seeks more than just alleged unpaid overtime wages because Plaintiff's prayer for relief requests "attorney's fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate." According to Defendant, Plaintiff signed a comprehensive waiver and release at the time of his separation from employment with Defendant in which he agreed to waive and release his employer and all related entities from any employment-related claims, including the fees and costs associated with such claims. Therefore, it appears that Defendant may have a basis upon which to assert a defense of waiver.

Notwithstanding that assertion and without deciding the merits of a possible waiver defense, Defendant's Fifth Affirmative Defense merely states that the "claims of Plaintiff are barred by the doctrine of waiver and estoppel" while setting forth no facts to support that

4

defense. Therefore, Defendant's affirmative defense of waiver is an improper conclusory statement which does not meet even the liberal pleading requirements of Rule 8. Plantiff's motion to strike should be granted without prejudice with leave for Defendant to replead its Fifth Affirmative Defense of waiver setting forth a short and plain statement of the facts in support.

      3. estoppel[3]

Generally, federal courts reject equitable estoppel as an affirmative defense to an FLSA action, even in instances where an employee is required but fails to record any overtime hours worked. *Kendrick v. Alternative Care, Inc.*, 2006 WL 4756451 *2 (M.D. Fla. 2006). "Indeed the mere fact that overtime is under reported on the time records is insufficient to defeat an FLSA claim because the *employer* carries the burden to keep accurate records, and can be charged with actual or constructive knowledge of an employee's hours when a reasonable investigation would have revealed the records were inaccurate." *Id.* at *3 (emphasis in original)(internal citations omitted). However, a narrow exception exists. *Id.* at *2. As one district court in the Middle District of Florida has found, estoppel provides an available affirmative defense where "the employee affirmatively misleads the employer regarding the number of hours worked and the employer had no knowledge of the employee's actual hours." *McGlothan,* 2006 WL 1679592. Additionally, the courts recognize the "Good Faith Defense," which protects an employer from liability for an FLSA violation if it relied on a written administrative regulation, order, ruling, approval or interpretation issued by the Administrator of the Wage and Hour Division of the Department of Labor. 29 U.S.C. § 259; *See Morrison*, 434 F.Supp.2d at 1320.

---

[3] The Defendant, notably, does not address the affirmative defense of estoppel in its response to Plaintiff's motion.

Defendant's Fifth Affirmative Defense omits any mention or suggestion that Plaintiff affirmatively misled Defendant by submitting false data or did so without Defendant's knowledge.  Nor does Defendant assert any facts to support a "Good Faith Defense."  Instead, Defendant simply states that the "claims of Plaintiff are barred by the doctrines of waiver and estoppel."  Thus, as with the affirmative defense of waiver, Defendant's Fifth Affirmative Defense of estoppel alleges nothing and is insufficiently pled.  Plantiff's motion to strike should be granted without prejudice with leave for Defendant to replead its Fifth Affirmative Defense of estoppel setting forth a short and plain statement of the facts in support.

    *4. unclean hands*

As Defendant alludes to, in *McGlothan v. Wal-Mart Stores, Inc.*, the court found that the affirmative defense of unclean hands may be applicable to FLSA claims in limited circumstances.  2006 WL 1679592.  To properly assert the defense of unclean hands, Defendant must demonstrate that Plaintiff's wrongdoing is directly related to his claim and that Defendant was personally injured by Plaintiff's conduct.  *Calloway v. Partners Nat'l Health Plans*, 986 F.2d 446, 450-451 (11th Cir. 1993); *Groves v. Patricia Dury, M.D., P.A.,* 2006 WL 2556944 *2 (M.D. Fla. 2006).  Defendant's Sixth Affirmative Defense states that the "claims of Plaintiff are barred by his own misconduct or unclean hands, including, but not limited to, Plaintiff's failure to report any overtime hours allegedly worked."  While Defendant contends this does not constitute a conclusory allegation but rather states the description of the underlying reason for the defense, the Court disagrees. The defense includes no facts demonstrating Plaintiff's wrongdoing is directly related to his claim or that Defendant was personally injured by Plaintiff's conduct. Therefore, Plantiff's motion to strike should be granted without prejudice with leave for

Defendant to replead its Sixth Affirmative Defense of unclean hands setting forth a short and plain statement of the facts in support.

*C. Conclusion*

Based on the foregoing, it is hereby

RECOMMENDED:

1. Plaintiff's motion to strike Defendant's affirmative defenses to Plaintiff's complaint (doc. 11) should be GRANTED as follows:

2. Defendant's Fourth Affirmative Defense should be **stricken with prejudice** as to the defense of laches but not as to the defense of the statute of limitations.

3. Defendant's Fifth Affirmative Defense should be **stricken without prejudice** as to the defenses of waiver and estoppel with leave for Defendant to replead the affirmative defenses setting forth a short and plain statement of the facts in support.

4. Defendant's Sixth Affirmative Defense should be **stricken without prejudice** as to the defense of unclean hands with leave for Defendant to replead the affirmative defense setting forth a short and plain statement of the facts in support.

5. Defendant should be allowed to amend its affirmative defenses as set forth above within ten (10) days of the district court's Order.

IT IS SO REPORTED on this 20th day of June, 2008.

/s/ Mark A. Pizzo
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc)*.

Copies furnished to:
Hon. James D. Whittemore
Counsel of Record